UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIANTE DION SCOTT,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BEREGOVSKAY, et al.,<br><br>　　　　　Defendants. | 1:17-cv-01146-AWI-GSA-PC<br><br>ORDER DENYING MOTION TO ADD EXHIBITS TO COMPLAINT AND STRIKING EXHIBITS FROM THE RECORD<br>(ECF No. 12.) |

**I.　BACKGROUND**

Tiante Dion Scott ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On June 19, 2017, Plaintiff filed the Complaint commencing this action at the United States District Court for the Northern District of California. (ECF No. 1.) On August 24, 2017, the case was transferred to this court. (ECF No. 6.)

On September 5, 2017, Plaintiff filed a motion to add exhibits to the Complaint. (ECF No. 12.) On September 6, 2017, the court issued an order dismissing the Complaint for violation of Rule 8(a) of the Federal Rules of Civil Procedure, with leave to file a First Amended Complaint within thirty days. (ECF No. 11.)

## II. LOCAL RULE 220 AND FEDERAL RULE OF CIVIL PROCEDURE 15(a) - AMENDING THE COMPLAINT

Local Rule 220 provides, in part:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

Plaintiff has submitted exhibits to the court that he seeks to add to his original Complaint filed on June 19, 2017. Plaintiff may not add supporting exhibits in this manner. Under Rule 220, Plaintiff may not amend the Complaint by adding exhibits after the Complaint has been filed. To add information or make a correction to the Complaint, Plaintiff must file an amended complaint which is complete in itself. Moreover, Plaintiff's original Complaint was dismissed, with leave to file a First Amended Complaint within thirty days. Therefore, to add exhibits in support of his complaint, Plaintiff must include the exhibits with the First Amended Complaint when he submits it to the court pursuant to the court's order of September 6, 2017.

However, Plaintiff is advised that although exhibits to the complaint are permissible, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.

## III. CONCLUSION

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's motion to add exhibits to the Complaint is DENIED;

///

///

///

2. Plaintiff's exhibits submitted to the court on September 5, 2017, are STRICKEN[1] from the record; and

3. If Plaintiff wishes to include exhibits with the First Amended Complaint, he must submit the exhibits with the First Amended Complaint for filing.

IT IS SO ORDERED.

Dated: **September 8, 2017**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE

---

[1] "A document which is 'stricken' will not be considered by the Court for any purpose." (First Informational Order, ECF No. 8 at 2:7-8.)