| | |
|---|---|
| TIANTE DION SCOTT,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BEREGOVSKAY, et al.,<br><br>　　　　　Defendants. | 1:17-cv-01146-AWI-GSA-PC<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR VIOLATION OF RULE 220 AND FAILURE TO COMPLY WITH COURT ORDER, WITH LEAVE TO AMEND**<br>**(ECF No. 17.)**<br><br>**ORDER GRANTING MOTION TO EXCEED 25-PAGE LIMIT**<br>**(ECF No. 18.)**<br><br>**THIRTY-DAY DEADLINE FOR PLAINTIFF TO FILE SECOND AMENDED COMPLAINT NOT EXCEEDING 35 PAGES**<br><br>**ORDER FOR CLERK TO SEND PLAINTIFF A CIVIL COMPLAINT FORM** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**I.　BACKGROUND**

Tiante Dion Scott ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On June 19, 2017, Plaintiff filed the Complaint commencing this action at the United States District Court for the Northern District of California. (ECF No. 1.) On August 24, 2017, the case was transferred to this court. (ECF No. 6.)

1 Plaintiff's original Complaint was 80 pages in length, with an additional 137 pages of exhibits attached. On September 5, 2017, Plaintiff filed a motion to add 32 more pages of exhibits to the Complaint. (ECF No. 12.) On September 8, 2017, the court denied Plaintiff's motion to add more exhibits. (ECF No. 14.)

The court screened the Complaint and issued an order on September 6, 2017, dismissing the Complaint for violation of Rule 8(a), with leave to file an amended complaint not exceeding 25 pages. (ECF No. 11.) On December 18, 2017, Plaintiff filed the First Amended Complaint, (ECF No. 17), together with a motion for permission to exceed the 25-page limit. (ECF No. 18).

Plaintiff's First Amended Complaint and motion to exceed the 25-page limit are now before the court.

## II. FIRST AMENDED COMPLAINT AND MOTION TO EXCEED PAGE LIMITS

Plaintiff requests permission to file the First Amended Complaint, even though it exceeds the 25-page limit established in the court's order. Plaintiff claims that he reduced the size of the complaint from 80 to 41 pages and did not attach exhibits. Plaintiff contends that he cannot state all of the important facts concerning fifteen defendants more concisely than he did in the First Amended Complaint.

Plaintiff is mistaken that the First Amended Complaint is 41 pages long. The court received 55 pages including Plaintiff's one-page proof of service. Plaintiff failed to count the 6-page form complaint and his 7-page request for relief. The form complaint and the request for relief are part of the complaint and must be counted.

Plaintiff failed to comply with the court's September 6, 2017, order, which limited the size of the First Amended Complaint to 25 pages. Plaintiff was advised in the court's order that there was no need for legal citations, or arguments, in the amended complaint and that he should not attach exhibits unless necessary at this stage of the proceedings. (ECF No. 11.) However, Plaintiff included legal citations and arguments in the First Amended Complaint, which needlessly increased the size of the First Amended Complaint.

///

While it is true that Plaintiff has not attached exhibits to the First Amended Complaint, he refers back to many of the exhibits he attached to the initial Complaint. This practice violates Local Rule 220 which provides, in relevant part:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is *complete in itself without reference to the prior or superseded pleading*. No pleading shall be deemed amended or supplemented until this Rule has been complied with. *All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.*

L.R. 220 (emphasis added). Plaintiff was informed of Rule 220 in the court's September 6, 2017 and September 8, 2017, orders. (ECF No. 11 at 5:22-26; ECF No. 14 at 2.) Plaintiff may not refer back to previously-filed or superceded pleadings. The complaint must be complete in itself.

Based on the violation of Rule 220 along with Plaintiff's failure to comply with the court's page limits, the First Amended Complaint shall be dismissed. Plaintiff shall be provided an opportunity to file a Second Amended Complaint curing the deficiencies discussed by the court. In light of the fact that Plaintiff is proceeding against 15 defendants, he shall be permitted to file a Second Amended Complaint containing 35 pages instead of 25 pages. Thus, Plaintiff's motion to exceed 25 pages shall be granted.

In the Second Amended Complaint, Plaintiff must be concise and only allege the facts needed to state a claim. Plaintiff should only recite facts explaining how each defendant personally acted to deprive Plaintiff of his rights. Plaintiff does not need to include everything that happened during the relevant time period, including detailed information about the prison appeals he filed. Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002).

///

///

## III. CONCLUSION AND ORDER

The court finds that Plaintiff's First Amended Complaint violates Local Rule 220 and the court's 25-page limitation. The court will dismiss the First Amended Complaint and give Plaintiff leave to file a Second Amended Complaint not exceeding 35 pages.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an opportunity to file a Second Amended Complaint not exceeding 35 pages. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file the Second Amended Complaint within thirty days.

The Second Amended Complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights by their actions. Id. at 676-77 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (no "buckshot" complaints). Plaintiff is also advised that he has not been granted leave to include allegations of events occurring after the initiation of this lawsuit on June 19, 2017.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

///

///

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint is dismissed for violation of Local Rule 220 and the court's 25-page limit, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff's motion to exceed the 25-page limitation, filed on December 18, 2017, is GRANTED;
4. Plaintiff is granted leave to file a Second Amended Complaint not exceeding <u>35 pages</u>, within **thirty (30) days** from the date of service of this order;
5. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:17-cv-01146-AWI-GSA-PC; and
6. If Plaintiff fails to file a Second Amended Complaint in compliance with this order within thirty days, this case may be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

Dated: __**January 1, 2018**__        __/s/ Gary S. Austin__
                                      UNITED STATES MAGISTRATE JUDGE