|  |  |
|---|---|
| TIANTE DION SCOTT, | **1:17-cv-01146-NONE-GSA-PC** |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE** |
| vs. | **(ECF No. 54.)** |
| BEREGOVSKAYA, et al., | **ORDER EXTENDING DEADLINE FOR ALL PARTIES TO THIS ACTION** |
| Defendants. | <u>**New Dispositive Motions Deadline:**</u>  **08/09/21** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

## I. BACKGROUND

Tiante Dion Scott ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Third Amended Complaint filed on November 19, 2018, on Plaintiff's medical claims against Defendants Dr. Beregovskaya, Dr. David Gines, LVN C. Agbasi, and RN A. Armendariz.[1] (ECF No. 25.)

---

[1] Sued as Armendarez.

1

On November 5, 2020, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a deadline of June 5, 2021 to file pretrial dispositive motions. (ECF No. 50.) On March 26, 2021, Defendants filed a motion to modify the court's dispositive motions deadline. (ECF No. 54.)

## II.    MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

Defendants argue that good cause exists to extend the dispositive motions deadline in this case for 60 days, because the Defendants have been unable to assist in the completion of their declarations and the compilation of all pertinent medical records needed to prepare a motion for summary judgment, due to their extremely busy schedules and considerable tasks in managing their heavy patient caseloads of inmates incarcerated at North Kern State Prison where Dr. Beregovskaya is a CDCR Physician and Surgeon, Dr. Gines is a retired CDCR Physician and Surgeon, and Defendants Armendariz and Agbasi are CDCR nurses. (Declaration of Hsu, ECF No. 54 at 5 ¶¶ 4, 5.) Defendants do not believe that a brief extension of time to file dispositive motions will prejudice Plaintiff's case. (Id. at ¶ 7.)

The court finds good cause to extend the dispositive motions deadline in this action until August 9, 2021. Plaintiff has not opposed Defendants' motion. Thus, good cause appearing, Defendants' motion to modify the Discovery and Scheduling Order shall be granted.

///

**III. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the dispositive motions deadline in the Court's Discovery and Scheduling Order, filed on May 26, 2021, is GRANTED;
2. The deadline for filing and serving pretrial dispositive motions is extended from June 5, 2021 to **August 9, 2021** for all parties to this action; and
4. All other provisions of the court's November 5, 2020 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

   Dated:   **July 1, 2021**              **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE