# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIANTE DION SCOTT,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BEREGOVSKAY, et al.,<br><br>　　　　　Defendants. | Case No. 1:17-cv-01146-JLT-GSA-PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Docs. 56, 66) |

　　　　The assigned magistrate judge issued findings and recommendations, recommending that Defendants' motion for summary judgment, filed on August 9, 2021 (Doc. 56), be granted. (Doc. 66.) On December 2, 2021, Scott filed objections to the findings and recommendations. (Doc. 67.) On December 29, 2021, Scott filed amended objections to the findings and recommendations. (Doc. 71.) On January 11, 2022, Defendants filed a response to Scott's amended objections. (Doc. 74.)

　　　　In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Scott's amended objections and Defendants' response to the amended objections, the Court finds the findings and recommendations are supported by the record and by proper analysis.

　　　　In particular, the magistrate judge correctly concluded that no material dispute of fact exists about whether Defendants acted with deliberate indifference while treating Scott's medical

1

1    needs. For example, the magistrate judge concluded that Dr. Beregovskaya[1] did not act with
2    deliberate indifference to Scott's complaints regarding an infection in his neck area and shoulder
3    pain. (Doc. 66 at 23-24.) Scott objects to this conclusion, arguing Dr. Beregovskaya acted with
4    deliberate indifference by not believing Scott had been stabbed and physically could not lift his
5    arm due to pain. (Doc. 71 at 25-35.) Contrary to Scott's objections, the magistrate judge correctly
6    applied the deliberate indifference standard under the Eighth Amendment. (*See* Doc. 66 at 6-7,
7    23-24.) Because the deliberate indifference standard requires the defendant to have a *subjective*
8    awareness of a serious medical need, a defendant's belief that the plaintiff lied about his condition
9    evidences a lack of "actual knowledge that [the] Plaintiff required medical care," thereby
10   negating the subjective awareness element. *Kennedy v. Hayes*, 2010 WL 5440805, at \*6 (E.D.
11   Cal. Dec. 28, 2010) (finding no deliberate indifference where defendant believed plaintiff was
12   malingering and "faking his condition" to receive pain medication, despite plaintiff telling the
13   defendant his bandages were soiled and he felt ill).
14         A plaintiff may overcome assertions of malingering on summary judgment by creating
15   disputes of fact as to whether he had objective and obvious symptoms of his serious medical
16   need. *See Chandler v. Guttierrez*, 2017 WL 3224468, at \*\*8-9 (C.D. Cal. June 14, 2017) (*rev'd in
17   part on other grounds*, 773 Fed. App'x 921 (9th Cir. 2019)) (finding sufficient evidence of
18   deliberate indifference where defendant ignored plaintiff's elevated heart rate and weight loss,
19   believing plaintiff was lying and taking drugs, despite a negative drug test in his medical record).
20   Evidence that the defendant had "an improper or ulterior motive" underlying the malingering
21   allegation or justifying the refusal of treatment may also indicate the defendant "acted with a
22   culpable state of mind." *George v. Sonoma Cnty. Sheriff's Dep't*, 2010 WL 4117381, at \*11
23   (N.D. Cal. Oct. 19, 2010); *see also Chandler*, 773 Fed. App'x at 922 (noting the defendants acted
24   with "personal animosity" instead of relying on "an honest medical judgment" where evidence
25   showed they "wished to reduce their workload").
26         Scott, however, has not provided evidence to rebut the malingering allegations or
27
28   ---
     [1] Sued as Beregovskay.

2

1  otherwise establish Dr. Beregovskaya's culpable state of mind. Viewing the facts in the light most
2  favorable to Scott, Dr. Beregovskaya subjectively believed Scott lied about being stabbed and
3  faked the pain in his arm. (Doc. 60 at 9-12, 30-31.) Scott did not have objectively visible
4  symptoms that might have contravened Dr. Beregovskaya's conclusion that the abrasion on his
5  neck was an infection starting to heal and did not result from a stabbing. (*Id.*; *see also* Doc. 56-1
6  at 4-5.) She visually examined the wound on Scott's neck and reviewed his chart, which indicated
7  a staph infection, not the presence of a foreign object. (Doc. 60 at 31; Doc. 56-3 at 51-53 (Scott
8  Decl.).) Scott admits that he told the nurse who treated him previously that the abrasion was a
9  scratch and a staph infection. (Doc. 25 at 9; Doc. 56-3 at 44 (Scott Decl.).) Although Scott may
10 have justifiably withheld the truth about being stabbed for fear of retaliation from fellow inmates,
11 this justification does not impact the subjective and objective awareness of Dr. Beregovskaya.
12 Scott likewise did not have any visibly apparent symptoms of the pain in his arm and shoulder
13 that would have made Dr. Beregovskaya aware of his serious medical need. *Compare Martinez v.*
14 *McConnell*, 2018 WL 2117467, at **2, 4 (E.D. Cal. May 7, 2018) (dismissing Eighth
15 Amendment claims for inadequate medical care where the treating physician refused to treat
16 plaintiff for knee pain following his knee surgery because he believed plaintiff faked his pain);
17 *with Collins v. Lopez*, 2013 WL 4041828, at *6 (E.D. Cal. Aug. 7, 2013) (*report and*
18 *recommendation adopted*, 2013 WL 4737095 (E.D. Cal. Sept. 3, 2013)) (risk "obvious" enough
19 to preclude dismissal where plaintiff's hand was "swollen, painful, and black and blue on the
20 palm" indicating it was broken yet defendant nonetheless refused to treat it); *see also Templeton*
21 *v. Esquetini*, 2020 WL 6586737, at *14 (C.D. Cal. Oct. 7, 2020) (*report and recommendation*
22 *adopted*, 2020 WL 6582667 (C.D. Cal. Nov. 10, 2020)) (same for plaintiff with visibly broken
23 finger given the "tiny piece of bone fragment" protruding through plaintiff's pinky knuckle and
24 "a slow, constant flow of blood").
25     Moreover, there is no evidence to suggest Dr. Beregovskaya had an improper or ulterior
26 motive in her refusal to treat Scott. For instance, Dr. Beregovskaya did not show hostility towards
27 Scott, despite his "explosion" of anger and frustration during treatment. (Doc. 25 at 18-20.) Dr.
28 Beregovskaya continued to examine the abrasion on Scott's neck, used an X-ray to evaluate his

condition, and prescribed medication to treat the perceived infection in his neck. (*Id.*; *see also* Doc. 60 at 31.) Even if Dr. Beregovskaya had some frustration with Scott for believing he was lying and for his "explosion" during treatment, this evidence does not demonstrate a subjective awareness of a serious medical need and failure to adequately respond. *See Montoya v. Cash*, 2013 WL 5522900, at **4-5 (C.D. Cal. Oct. 2, 2013) (finding no deliberate indifference despite defendant's frustration with the language barrier in treating the plaintiff and his belief that plaintiff was "faking his painful cries"). Dr. Beregovskaya examined Scott's physical symptoms and treated him according to her assessment which does not support a finding of deliberate indifference. *Compare Rood v. Win*, 2021 WL 5040375, at **3, 12-13 (E.D. Cal. Oct. 29, 2021) (finding no deliberate indifference where the treating physician did not believe plaintiff's claims that he had an ACL tear but did a "cursory examination" of his knee, ordered tests, and prescribed medication to treat his symptoms); *with Hernandez-Rojas v. Pinnell*, 2018 WL 376617, at *10-11 (C.D. Cal. Jan. 8, 2018) (denying summary judgment where defendant was "consistently hostile to plaintiff when he sought medical help for his severe and debilitating pain over a period of many months" because she believed plaintiff was malingering regarding his foot and leg pain).

      The Court has reviewed Scott's objections regarding the remaining defendants and likewise finds they lack merit because the magistrate judge correctly applied the deliberate indifference standard. Scott has not provided evidence to create a material dispute of fact that shows Defendants had a subjective awareness of Scott's serious medical needs. Because there is no disputed material fact concerning deliberate indifference, the Court need not reach Scott's objections on the causation element. Thus, the Court **ORDERS**:

    1.    The findings and recommendations issued by the magistrate judge (Doc. 66) are **ADOPTED** in full.

    2.    Defendants' motion for summary judgment (Doc. 56) is **GRANTED**.

///
///
///
///

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**June 22, 2022**__  　　　　　　　　　　　*/s/ Jennifer L. Thurston*
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE