**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

TIANTE DION SCOTT,

        Plaintiff,

        v.

OLGA BEREGOVSKAY, M.D.,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)

Case No.: 1:17-cv-01146-JLT-EPG (PC)

ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW HIS DEEMED ADMISSIONS (Doc. 102)

In this action, Tiante Dion Scott claims that Dr. Olga Beregovskaya was deliberately indifferent to his serious medical need in violation of the Eighth Amendment. Before the Court is the plaintiff's motion to withdraw his deemed admissions served in 2020. Though the plaintiff has delayed inordinately and unreasonably in seeking to set aside the deemed admissions and he offers incredible explanations for his failure to comply with his discovery obligations, the Court finds that granting the motion poses no legal prejudice to the defense. Thus, the Court **GRANTS** the motion to set aside plaintiff's deemed admissions.

**I.      Background**

On November 16, 2020, the previously assigned defense attorney propounded he first set of requests for admissions on the plaintiff. (Doc. 108 at 4, 9) At the time, plaintiff was self-represented. *Id*. at 4. Plaintiff did not respond to the requests, so on January 5, 2021, defense counsel sent him a

1

meet-and-confer letter. (Doc. 110) The letter gave plaintiff until January 19, 2021 to respond. *Id*. He did not.

Plaintiff now claims that the reason he did not respond was because he had limited access to the law library due to the COVID 19 pandemic. (Doc. 102-1 at 2.) Notably, there is no evidence that he ever requested additional time to respond either from the defense or the Court, for this reason.[1] Moreover, he makes no showing that law library access was required to formulate his responses. The requests for admission ask him to admit or deny the factual assertions. No amount of legal research could tell Mr. Scott what he recalled happening during his contact with the defendant. Thus, this explanation is incredible and is clearly post hoc justification for his discovery misconduct.

Plaintiff also asserts that because he produced medical records at his deposition taken in March 2021, he thought this meant he did not need to respond to the RFAs. (Doc. 102-1 at 2) Once again, this explanation defies all logic since, as pointed out by the defense, he had no way to know when he chose not to respond to the RFAs, that his deposition would be noticed and be taken months later. (Doc. 111) Even if he somehow had such prescience, a litigant does not get to decide to which discovery he will provide a response and to which he will not. Litigants must respond to the discovery as it is propounded even if he believes that the information could be obtained differently or more efficiently. That being said, it is notable that the defense did not file a motion to compel the discovery, despite asserting that it would do so in its meet and confer letter (Doc. 110).

In August 2021, the defense filed a motion for summary judgment. (Doc. 56) The statement of undisputed facts did not rely upon the deemed admission. (Doc. 56-1) Likewise, it relied in part on factual assertions made by plaintiff at his deposition. *Id*., Doc. 56-3 at 51-54, 57-58, 61-62, 67-68) In opposition to the motion, the plaintiff filed a 62-page document, under penalty of perjury, in which he explained his version of the events. (Doc. 60) He also filed a length surreply, which he signed under penalty of perjury (Doc. 63) and objections to the findings and recommendation granting the motion for summary judgment, which was also signed under penalty of perjury (Doc. 71).

After the Court granted the motion for summary judgment, the appeal was completed and it

---

[1] Indeed, as noted herein, Mr. Scott filed numerous documents—which ordinarily require extensive legal research—in the summer and fall of 2021, despite the continuing existence of COVID protocols.

was remanded for the action to proceed against the defendant here only[2], on March 13, 2025, the Court appointed Mr. Scott counsel. (Doc. 90) In August 2025, the defense—with the defendant now being represented by current counsel—propounded a second set of requests for admission.  (Doc. 102-2 at 2; Doc. 109 at 2) When he propounded the August RFAs, defense counsel was unaware of the discovery propounded earlier. (Doc. 109 at 2)

Plaintiff served a timely response to the August 2025 RFAs and, apparently, denied most if not all, of the requests. (Doc. 102-2 at 2) Plaintiff's counsel—and, apparently, current defense counsel—realized that the defense had propounded discovery earlier in the case. *Id*. On September 24, 2025, plaintiff's counsel requested all discovery propounded in the case and defense counsel provided it on October 9, 2025. (Doc. 108 at 4; Doc. 113) The discovery deadline expired on October 10, 2025. (Doc. 100) This motion was filed ten weeks later, on December 18, 2025. (Doc. 102)

**II.    Analysis**

The parties agree that this motion is governed by Federal Rules of Civil Procedure 36(b). Rule 36(b) reads: "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn…Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

The parties agree that if the admissions are not allowed to be withdrawn, this would not promote presentation of the case on its merits. (Doc. 102 at 5; Doc. 108 at 6) The question presented then, relates to the second factor: whether the defense has demonstrated sufficient prejudice would result if the motion is granted. "When undertaking a prejudice inquiry under Rule 36(b), district courts should focus on the prejudice that the nonmoving party would suffer at trial." *Conlon v. United States*, 474 F.3d 616, 623 (9th Cir. 2007)

In support of the motion, the plaintiff cites *Hadley v. United States*, 45 F.3d 1345, 1349 (9th Cir. 1995). In *Hadley*, the plaintiff submitted responses to the requests about one month late. *Id*.

---

[2] Before this, the action was proceeding against two additional defendants. (Doc. 81)

Though the defense asserted that it had been prejudiced because it conducted the deposition in a way that limited the scope of the questions to those topics that were not encompassed by the admissions, the *Hadley* court concluded that "although withdrawal may have inconvenienced the government, that inconvenience did not rise to the level of prejudice that justified a denial of the motion to withdraw." *Conlon*, at 622, citing *Hadley v. United States*, 45 F.3d 1345, 1349 (9th Cir. 1995).

The defense relies on *Conlon v. United States*, 474 F.3d 616 (9th Cir. 2007). In *Conlon*, the defense issued requests for admissions to the pro-se plaintiff. *Id*. at 619. When he failed to respond, the defense sent a letter warning the plaintiff of the consequences of failing to respond. *Id*. at 620. Again, the plaintiff failed to respond but, two weeks after the discovery cutoff, the plaintiff responded with deficient responses. *Id*. The defense notified the plaintiff that the matters were deemed admitted and a week later, filed a motion for summary judgment, which relied upon the deemed admissions. *Id*. In response, the plaintiff filed a motion to withdraw the deemed admissions and submitted amended responses, which addressed the earlier deficiencies. *Id*.

In considering the motion to withdraw the admissions, the trial court found it significant that the defense notified him twice about the consequences for failing to submit timely responses and that the plaintiff sought relief only after the defense filed the dispositive motion. *Conlon* at 620-621. The court found that the plaintiff "could not show good cause for his dilatory conduct" in seeking to respond to the admissions or in seeking to set the deemed admissions aside. *Id*. at 625. The trial court found also that the defense would be severely prejudiced if the admissions were allowed to be withdrawn, because the motion had already been filed, and discovery had closed. *Id*. at 621. The trial court denied the motion to withdraw the deemed admissions. *Id*. Later, the court granted the motion for summary judgment. *Id*.

On appeal, the Court of Appeals observed that Rule 36 "seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice." *Conlon* at 622. The Court determined that because the plaintiff demonstrated that upholding the deemed admissions "eliminated any need for presentation on the merits," the plaintiff had demonstrated the first prong under Rule 36. *Id*. As to the second factor, the Court determined that the trial court adequately considered the prejudice the defense would suffer if the admissions were withdrawn and the dilatory conduct by the plaintiff. *Id*. at

4

625. The Court concluded that though the trial court *could* have withdrawn the deemed admissions, it was not obligated to do so and affirmed the trial court's judgment. *Id*.

Contrary to *Conlon*, here the defense offers no showing of prejudice. Though the defense filed a motion for summary judgment, it did not rely upon deemed admissions. It took the plaintiff's deposition and received his full description of the events giving rise to the litigation and the defense has received the numerous filings by the plaintiff further explaining his positions. Counsel admits that he was unaware that the admissions had been deemed admitted when he propounded the second set of requests in August 2025, because at that time, he was unaware of whether the first set had been received by the plaintiff. Thus, there is no showing that the defense has ever relied on the deemed admissions.

Though it is apparent that Mr. Scott consciously decided not to comply with discovery and now offers disingenuous explanations for his failure to do so, the defense has not shown any prejudice will result at trial if the admissions are withdrawn. The fact that the defendant will have to travel from her home state to California to attend trial, is not the type of prejudice that Rule 36 envisions. Though the Court does not condone Mr. Scott's conduct or the delay in bringing this motion, the Court concludes that the motion to withdraw the deemed admissions should be **GRANTED**.

IT IS SO ORDERED.

Dated:    **January 31, 2026**

_____
UNITED STATES DISTRICT JUDGE