**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TIANTE DION SCOTT,** | 1:17-cv-01146-JLT-EPG (PC) |
| Plaintiff, | ORDER ON REIMBURSEMENT OF COSTS |
| **v.** | |
| **OLGA BEREGOVSKAYA,** | |
| Defendants. | |

The Court appointed the plaintiff counsel, who represented him after the matter was remanded to this court for trial. Appointed counsel conducted discovery and represented the plaintiff at trial. Appointed counsel now seeks reimbursement of costs associated with this representation.

The Court previously approved counsel to incur costs of $19,450. This included the costs of deposing the defense experts (Dr. Feinberg - $1,300, Dr. Shaker - $3,200, Dr. Neeki -$2,500), treating doctors (Dr. Adams - $2,150, Dr. Dorfman - $2,150, Dr. Barkdull- $2,150) and $6,000 for the retained expert, Dr. Ritter.[1]

---

[1] Appointed counsel reported that this amount was in addition to $10,000 already paid to Dr. Ritter for past services by her firm. However, when reviewing Dr. Ritter's invoices, he seems to be crediting later work against this $10,000, suggesting that the firm paid a retainer against which future work would be charged, rather than paying Dr. Ritter $10,000 for completed services.

1

Appointed counsel now seeks reimbursement for actual costs incurred including court reporters' deposition fees in the amount of $3,404.90, costs for Dr. Ritter in the amount of $24,098 for services rendered before trial and for his time in giving testimony at trial, deposition expert witness costs for Dr. Shaker for ($1,650), for Dr. Neeki for ($1,500), for Dr. Barkdull ($400) and the cost of taking a deposition by video ($330). The defense also incurred costs to obtain records from Sacramento Superior Court ($40), costs to investigate the plaintiff's convictions ($24), to obtain medical records ($444.50), service fees for the depositions ($1,112.5), court reporter cancellation fees ($410), mileage for counsel to visit Mr. Scott ($147.90) and both black and white photocopies made at counsel's firm ($763.05).

The Court will approve these costs with the following exceptions. First, Dr. Ritter charged a "stand-by" fee ($750) related to his trial testimony and charged for a half-day ($3,500). He also charged fee to call the attorney ($72) on the day of his testimony. Dr. Ritter's testimony was relatively brief and took nowhere near half a day. These extra costs appear to be sought for the same time that is encompassed in the half-day fee. Thus, the Court will reduce Dr. Ritter's reimbursement by $822. In addition, photocopies made in-house are not reimbursable, so the Court will reduce the reimbursement by $763.05. For these reasons, the Court **ORDERS**:

1. Costs in the amount of $32,739.80 **SHALL** be reimbursed to counsel's firm, Miles Sears & Eanni, 2844 Fresno Street, Fresno, California 93721. This amount exceeds what was pre-approved, but the Court exercises its discretion to approve this higher amount.

2. Costs related to Dr. Ritter in the amount of $822 are disallowed.

3. Costs for making copies in the amount of $763.05 are disallowed.

IT IS SO ORDERED.

Dated:   **April 21, 2026**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

2