**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

TIANTE DION SCOTT,

        Plaintiff,

    v.

OLGA BEREGOVSKAY, et al.,

        Defendants.

)
)
)
)
)
)
)
)

Case No.: 1:17-cv-01146 JLT

ORDER DENYING MOTION FOR NEW TRIAL

(Doc. 186)

## I.    Background

The parties tried the matter to a jury after which it deliberated and ultimately found in favor of the defendant. Now before the Court is the plaintiff's motion for new trial in which he claims the verdict "was against the clear weight of the evidence."  Because the plaintiff has failed to demonstrate a new trial should be granted, the motion is **DENIED**.

## II.    Rule 59

Federal Rule of Civil Procedure 59 vests the Court with the authority to grant a new trial "(A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A). "'Rule 59 does not specify the grounds on which a motion for new trial may be granted.' Rather, the court is 'bound by those grounds that have been historically recognized.'"

The Court "enjoys considerable discretion" in deciding whether to grant a new trial.

1

*Jorgensen v. Cassiday*, 320 F.3d 906, 918 (9th Cir. 2003) (internal quotation marks omitted).  "The existence of substantial evidence does not . . . prevent the court from granting a motion for a new trial pursuant to Fed. R. Civ. P. 59 if the verdict is against the clear weight of the evidence."  *Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987).  The Court's power to grant a motion for new trial is "much broader" than its power to grant a motion for judgment as a matter of law.  *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000).  "The court is not obliged to view the evidence in the light most favorable to the verdict, and it is free to weigh the evidence and evaluate for itself the credibility of the witnesses." *Id.*  Even if "substantial evidence supports the jury's verdict," the Court may grant a motion for a new trial if the verdict is contrary to the clear weight of the evidence, or is based upon false evidence, or if the court otherwise finds in its discretion that the verdict would result in a miscarriage of justice.  *See Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001).  Under Federal Civil Procedure Rule 59, "[t]he judge can weigh the evidence and assess the credibility of witnesses and need not view the evidence from the perspective most favorable to the prevailing party."  *Id.*  (citing *Fount–Wip, Inc. v. Reddi-Wip, Inc.,* 568 F.2d 1296, 1302 (9th Cir. 1978)).

Despite having precedented permissible authority to set aside the verdict, "a decent respect for the collective wisdom of the jury, and for the function entrusted to it in our system, certainly suggests that in most cases the judge should accept the findings of the jury, regardless of his own doubts in the matter." *Landes*, 833 F.2d at 1371.  "If, however, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed, it is to be expected that he will grant a new trial." *Landes*, 833 F.2d at 1371-72 (citing C. Wright & A. Miller, Federal Practice & Procedure § 2806 at 48-49 (1973)).

### A.    Evidentiary Rulings

The plaintiff asserts that Court erred in two respects related to trial evidence: that the Court refused to allow The plaintiff to introduce a document that he had not identified as an exhibit during the pretrial proceedings and that the Court refused to allow him to present evidence that he suffered arm pain. The Court finds that the plaintiff has not demonstrated either ruling was erroneous or that, if they were, that a new trial should be granted based on these errors.

2

###### i.    Armendariz declaration

At trial, the plaintiff contends that Nurse Armendariz testified inconsistently with a declaration filed earlier in the case in connection with motion practice. Despite knowing that Ms. Armendariz would testify, the plaintiff chose not to identify her declaration as a trial exhibit. (Doc. 114 at 18-20) The parties filed their joint pretrial statement according to Local Rule 281, which cautions the parties that, "Only exhibits so listed [on the joint pretrial conference statement] will be permitted to be offered at trial except as may be otherwise provided in the pretrial order." The pretrial order reads, "NO EXHIBIT, OTHER THAN THOSE LISTED BELOW, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11)." (Doc. 117 at 11) The order set forth the requirements for showing manifest injustice in relevant part: "a. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated . . ."

When the Court asked the plaintiff's counsel for a showing amounting to manifest injustice, counsel reported only that the evidence was important to the plaintiff's case. The Court repeatedly asked for the showing of manifest injustice and counsel said only that "[i]t was missed" when the pretrial statement was prepared. Counsel noted that she had reviewed the declaration the night before but did not alert her opponent that she intended to use the document with the witness or seek a stipulation to allow the exhibit. The plaintiff's counsel made clear that she was aware of the declaration at least as of the time of the filing of the joint pretrial statement, which was filed more than a month before trial. This does not constitute manifest injustice.

Even still this evidence would have no impact on the weight of the evidence. In her declaration filed in conjunction with the defense motion for summary judgment, Nurse Armendariz attested that the plaintiff said he had been involved in a fight on February 29, 2016. (Doc. 16-5 at 2) At trial, she referred to her contemporaneously prepared clinic note and said he was at the TTA related to a pimple that the plaintiff had on his neck, which was causing pain in his arm and neck.

The plaintiff argues that this discrepancy—whether he had reported being in a fight on February 29—should have been presented to the jury because it bore on how the defendant treated

him on March 1, 2016. The Court is at a loss to understand how.

The plaintiff testified that the February 29th fight was the third in a series of four fights in which he was involved on each of the days preceding March 1. (Doc. 189 at 7, 61) The plaintiff admitted that he did not seek medical care for the first fight on February 27 fight during which he believed he was stabbed and the foreign object implanted in his neck. (Doc. 189 at 56) When he sought medical treatment after the third fight and spoke to Nurse Armendariz, the plaintiff reported that he had pain in his neck caused by the fact that he had been "playing basketball and someone's fingernail punctured my neck and I believe it was infected with staph infection." (Doc. 189 at 9) He testified that he told this to Nurse Armendariz and Nurse Agbasi. (Doc. 189 at 62) He testified that he did not tell them he had been in a fight because he was concerned that the other inmate with whom he had been fighting would hear and believed that being frank about the cause of the neck injury "would have put my life in jeopardy." (Doc. 189 at 9) In his testimony, the plaintiff reported that on February 29 he told Nurse Armendariz that he had been scratched playing basketball but admitted that she "viewed it as a pimple." (Doc. 189 at 63-64)

As pointed out by the defense, when the defendant treated the plaintiff on March 1, 2016, he had been in the final fight, that he reported this fight to the defendant, and the defendant was aware he had been in the fight on March 1. Upon this evidentiary backdrop, the plaintiff makes no convincing showing that had Nurse Armendariz been impeached with her declaration, that the jury would have been convinced that the defendant would have treated the plaintiff in any different manner on March 1.

### ii.     Arm pain

The plaintiff asserts that the Court erred in precluding him from presenting evidence at trial that he suffered from and complained of arm pain when he was treated by the defendant.  In making this argument, the plaintiff argues only that the Court misapplied the determination of the Court of Appeals that the defendant, at most, committed medical negligence in treating his arm and affirmed the Court's grant of summary judgment on this point. The plaintiff argues that despite this ruling, the Court should have allowed the plaintiff to describe his arm pain to the jury because he believed that the arm pain was caused by the foreign object in his neck.

The Court addressed this argument in its ruling on the motions in limine. (Doc. 148 at 10-11) The Court found that the defendant could not be held liable for any failure to treat the arm pain due to the determination on appeal, so evidence related to the arm pain should not be presented at trial. (Doc. 148 at 10-11) However, the Court went further and observed that the plaintiff's medical expert, Dr. Ritter, could not state with a reasonable degree of medical certainty that the arm pain related to the foreign object in the neck or that the arm pain would be alleviated if the defendant had ordered the CT scan.[1] The plaintiff ignores this part of the order and fails to address the *Daubert* ruling in his current motion. Thus, even if the Court should have found that the Ninth Circuit's ruling did not preclude the presentation of evidence related to the plaintiff's arm pain, the plaintiff has failed completely to address that the Court's *Daubert* finding, which provided an alternate basis to preclude the evidence. Because the plaintiff does not demonstrate that either evidentiary ruling was error, the motion for a new trial on this basis is **DENIED**.

**B.      Statements falsely attributed to the plaintiff**

The plaintiff complains that the defense presented a "Health Care Services Request Form" purportedly authored by the plaintiff, that he did not author. This form indicates that the plaintiff suffered a stab wound to the chest. (Doc. 189 at 47. The defense reported that the plaintiff produced this document in response to a request for production. (Doc. 193 at 6-7)

The plaintiff testified at trial that he did not complete or submit the document, that he was stabbed in the neck, not the chest, and that he never told anyone he was stabbed in the chest. (Doc. 189 at 47) The defense witness, Nurse Armendariz, implicitly supported the plaintiff account when she testified that when an inmate's statements were placed in quotes—as the statements in the form were—it usually meant that the form was completed by someone other than the inmate.

The plaintiff offers no authority that the defense acted improperly by taking the position that by producing the document, the plaintiff admitted to authoring the document or that it was improper to using it to challenge the plaintiff's veracity. This is a classic dispute of fact, which juries are qualified to determine. Thus, whether the plaintiff completed this form or someone else did was a

---

[1] Indeed, it is undisputed that the plaintiff continues to suffer arm pain despite that he had the foreign object removed from his neck years ago.

question properly presented to the jury to determine. The motion for a new trial on this basis is **DENIED**.

### B.    Weight of the evidence

The plaintiff argues that the weight of the evidence presented at trial justifies a new trial.  In making this argument, the plaintiff cherry-picks the evidence and mischaracterizes the testimony from the defense experts.[2] Despite the plaintiff's characterization to the contrary, not one of the defense experts opined that the defendant acted improperly in failing to order the CT scan. Though each testified that a CT should be ordered when presented with hypotheticals, the facts set forth in the hypotheticals were disputed.

The Court paid close attention to the evidence as it was presented at trial. Though the Court agrees that the trier of fact *could* have found Dr Ritter's opinions to be most persuasive, the Court does not find that the verdict was against the clear weight of the evidence. The motion for a new trial on this basis is **DENIED**.

### ORDER

Based upon the foregoing, the court **ORDERS:**

1.    The plaintiff's motion for a new trial (Doc. 186) is **DENIED**.

IT IS SO ORDERED.

Dated:    **May 5, 2026**

_____
UNITED STATES DISTRICT JUDGE

---

[2] The Court agrees with the defense's opposition as to the content of the testimony of the defense experts. Thus, it declines to reiterate the record here and adopts the defense recitation of the testimony of Drs. Neeki, Shaker and Feinberg, set forth in the opposition (Doc. 193 at 2-4).